FILED
DECEMBER 17, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TIMOTHY BROWNLEE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOLINGBROOK SERGEANT DREW PETERSON, )<br>BOLINGBROOK POLICE OFFICER DAVI, )<br>BOLINGBROOK POLICE OFFICER JOHN )<br>DOE, and the VILLAGE OF )<br>BOLINGBROOK, )<br>)<br>Defendants. ) | JUDGE CASTILLO<br>MAGISTRATE JUDGE DENLOW<br><br>07 C 7085<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, TIMOTHY BROWNLEE, by his attorneys LOEVY & LOEVY, and complaining of Defendants, BOLINGBROOK SERGEANT DREW PETERSON, BOLINGBROOK POLICE OFFICER DAVI, BOLINGBROOK POLICE OFFICER JOHN DOE, (collectively, "Defendant Officers") and the VILLAGE OF BOLINGBROOK, states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. The following events concern the brutal breaking of Plaintiff's right thumb by Defendant Sergeant Drew Peterson. Plaintiff began his Memorial Day by planning a holiday barbecue. He was healthy and surrounded by his family. His day ended in the hospital with a broken thumb and being falsely accused of a crime. This suit seeks redress for this violation of his rights.

## Jurisdiction and Venue

3.  This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

4.  Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## Plaintiff's Allegations

5.  Mr. Brownlee is a thirty-five year-old father of three who lives in Bolingbrook, Illinois. He has lived in the same single-family home in Bolingbrook since 2002, and works as a barber.

6.  On May 28, 2007, Plaintiff and his family were celebrating Memorial Day in a traditional American fashion - by hosting a barbecue. Plaintiff's two nieces joined him, his fiancé, and their three children to celebrate the holiday.

7.  That morning, Plaintiff returned from the store to discover that Bolingbrook police officers were at his home investigating an alleged dispute between Plaintiff's next-door neighbors and his family.

8.  Plaintiff immediately spoke with the officers, Defendants Davi and Doe, and provided his driver's license when asked for his identification.

9.  After speaking to all of the parties, Defendants Davi and Doe left the scene without incident, telling everyone involved to try to get along.

10. Approximately half an hour later, Defendant Davi returned to Plaintiff's house and accused Plaintiff of having previously given him a false name. Plaintiff denied the allegation, pointing out that he had given the officer his state-issued identification which had his correct name on it. Moreover, Plaintiff had no reason to lie about his identity – he had not committed any crime, he had no warrants out for his arrest, and he was at his own home.

11. Davi insisted, however, that Plaintiff had told him that his name was "Timothy Sandifer" rather than "Timothy Brownlee." Defendant Davi may very well have confused Plaintiff's last name with that of his fiancé, Tiggen Sandifer, because Plaintiff and his fiancé have the same birth day, albeit one year apart.

12. Nevertheless, Defendant Davi ordered Plaintiff out of his house and immediately handcuffed him. He then placed him in the back of his squad car (without searching him) and drove off.

13. While Defendant Davi drove to the station, he told Plaintiff (who is African-American) that "niggers don't belong in Bolingbrook," and said that "a thirty-five year-old man shouldn't be picking on an eighty year-old man," (or words to that effect), referring to Plaintiff's neighbor.

14. Defendant Davi continued his verbal assault on Plaintiff by telling him that he and other officers would "kick

3

his ass" at the police station, or words to that effect.

15. Plaintiff, who was arrested wearing only sweat pants, a tank top, and flip flops, became concerned for his safety. He still had his cell phone clipped to his pants, so he reached over with his handcuffed hands, activated his cell phone, and called his brother, a Chicago police officer.

16. When Defendant Davi heard Plaintiff's cell phone (it was on speaker, given the fact that Plaintiff's hands were still cuffed behind his back), he immediately accused Plaintiff of recording his racist speech. Defendant Davi radioed to Defendant Doe and then pulled over into the Seventh Day Adventist church parking lot in Bolingbrook, where he was met by Defendant Doe.

17. In the parking lot, Defendant Davi yanked Plaintiff out of the back of the car by his handcuffs. Plaintiff was taken to the back of the car and searched in an invasive manner. Defendant Davi, while searching Plaintiff, reached between Plaintiff's legs and grabbed his testicles in a painful manner.

18. Defendant Doe, meanwhile, retrieved Plaintiff's cell phone and attempted to find out whether Plaintiff had in fact been recording his conversation. The cell phone, however, required an access code to be inputted in order to permit Defendant Doe to read it.

19. Defendant Davi then pulled Plaintiff's arms (which were still cuffed behind him) over his head, causing him pain, while

4

trying to get Plaintiff to give him his access code.

20. Defendant Davi then returned Plaintiff to the squad car and drove him to the police station.

21. Once at the station, Defendant Officers Davi and Doe took Plaintiff's sandals and his pants from him, telling Plaintiff it was because the drawstring on the pants were sewn in. Plaintiff, who was not wearing underwear, was placed in a holding cell wearing nothing but his tank top.

22. After a period of time, one of the Defendants came to get Plaintiff from his cell. When Plaintiff asked for his sandals, the Defendant left.

23. All three Defendant Officers then returned, including Defendant Sergeant Peterson, and proceeded to grab Plaintiff and drag him by his legs to the front of the booking area. Once there, the Defendants threw Plaintiff to the ground and then began kneeing him in his back and neck and pulling his arms into painful positions. Plaintiff made no effort to resist in any way, and went limp instead.

24. The Defendants pulled Plaintiff's arms behind his back and re-handcuffed him.

25. After he was cuffed, Defendant Peterson grabbed his right thumb and twisted it, breaking it. Plaintiff immediately experienced terrible pain.

26. Plaintiff was taken to the hospital, where x-rays were taken of his thumb, revealing that Sgt. Peterson had broken it.

27. Defendants then falsely charged Plaintiff with disorderly conduct and obstruction of justice for allegedly giving a false name to the Defendants. Plaintiff was never charged with resisting arrest or battery to a police officer or any other such crime.

28. Four months later, all charges against Plaintiff were dismissed in a manner indicative of his innocence.

29. Notwithstanding his eventual exoneration, Plaintiff spent the rest of his Memorial day under guard at the hospital, and was then transported from the hospital to the Will County jail as an accused criminal, where he was booked and forced to post bond.

30. Moreover, Plaintiff suffered excruciating pain from his broken thumb and had difficulty working as a barber for months until his thumb healed.

### Count I -- 42 U.S.C. § 1983

### Excessive Force

31. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

32. As described in the preceding paragraphs, the conduct of the Defendant Officers toward Plaintiff constituted excessive force in violation of the United States Constitution.

33. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

34. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

35. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Bolingbrook Police Department in that:

    a. As a matter of both policy and practice, the Bolingbrook Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Bolingbrook Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Bolingbrook Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Bolingbrook Police Officers accused of excessive force can be confident that internal affairs will not investigate those

accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

    c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Bolingbrook Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Bolingbrook Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Bolingbrook Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

    e.    The Village of Bolingbrook has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

36. As a result of the unjustified and excessive use of force by Defendant Officers, as well as the Village's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

37. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and

under color of law such that their employer, Village of Bolingbrook, is liable for their actions.

### COUNT II -- State Law Claim

### Assault and Battery

38. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

39. As described more fully in the preceding paragraphs, the actions of the Defendant Officers created a reasonable apprehension of imminent harm and constituted offensive physical contact with Plaintiff.

40. As a result of the actions of the Defendant Officers, Plaintiff sustained physical and emotional injuries.

41. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

42. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employers, Village of Bolingbrook, is liable for their actions.

### Count III -- 42 U.S.C. § 1983

### Failure to Intervene

43. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

44. One or more of the Defendant Officers had a reasonable opportunity to prevent another Officer from using excessive force against Plaintiff had they been so inclined, but they failed to do so.

45. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

46. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

47. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Bolingbrook Police Department in the manner described more fully above.

48. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, Village of Bolingbrook, is liable for their actions.

### Count IV -- 42 U.S.C. § 1983

### False Arrest/Unlawful Detention

49. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

50. As described more fully above, Defendant Officers Davi and Doe falsely arrested and unlawfully detained Plaintiff without legal justification.

51. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

52. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Bolingbrook Police Department in the manner described in preceding paragraphs.

53. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to emotional distress and anguish.

54. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, Village of Bolingbrook, is liable for their actions.

## COUNT V -- State Law Claim

### False Arrest/False Imprisonment

55. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

56. Plaintiff was arrested and detained despite the Defendant Officers Davi and Doe's knowledge that there was no lawful justification for doing so.

57. In the manner described more fully above, Defendant Officers Davi and Doe unlawfully restrained Plaintiff's liberty by imprisoning him.

11

58. As a result of this misconduct, Plaintiff has suffered and continues to suffer damages, including but not limited to emotional distress and anguish.

59. The misconduct set forth above was undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

60. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, Village of Bolingbrook, is liable for their actions.

### Count VI -- 42 U.S.C. § 1983

#### Conspiracy

61. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

62. As described more fully in the preceding paragraphs, prior to the assault and battery on Plaintiff described above, the Defendant Officers, acting under color of law and within the scope of their employment, entered into an agreement amongst themselves and other unknown police officers to deprive Plaintiff of his constitutional rights.

63. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

64. As a proximate result of this conspiracy, Plaintiff suffered damages, including the deprivation of Plaintiff's constitutional rights and emotional distress.

65. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, Village of Bolingbrook, is liable for their actions.

### Count VII -- State Law Claim

### Civil Conspiracy

66. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

67. As described more fully in the preceding paragraphs, Defendants conspired by concerted action to accomplish an unlawful purpose by unlawful means.

68. In furtherance of the conspiracy, Defendants committed overt acts and were otherwise willful participants in joint activity.

69. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

70. As a proximate result of Defendants' conspiracy, Plaintiff suffered damages, including, but not limited to, severe emotional distress and anguish, as is more fully alleged above.

## Count VIII -- 42 U.S.C. § 1983

### Equal Protection

71. Plaintiff realleges and incorporates each of the Paragraphs of this Complaint as if restated herein.

72. As described more fully above, Defendants, all while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, denied Plaintiff equal protection of the law in violation of his constitutional rights.

73. Said treatment of Plaintiff was motivated by racial animus and constituted purposeful discrimination.

74. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

75. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Bolingbrook Police Department in the manner described more fully above.

76. As a result of the above-described wrongful conduct, Plaintiff has suffered damages, including but not limited to, emotional distress and anguish.

## Count IX -- State Law Claim

### Malicious Prosecution

77. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

78. In the manner described more fully above, Plaintiff was improperly subjected to judicial proceedings unsupported by probable cause to believe that he had committed a crime. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of his innocence.

79. Specifically, the Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause and made statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings.

80. The Defendant Officers made statements regarding Plaintiff's alleged culpability with knowledge that the statements were false and perjured. In so doing, the Defendant Officers fabricated evidence and withheld exculpatory information.

81. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

82. As a proximate result of this misconduct, Plaintiff suffered injuries, including but not limited to emotional distress.

83. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment

15

and under color of law such that their employer, Village of Bolingbrook, is liable for their actions.

### Count X -- State Law Claim

### Illinois Hate Crime Statute, 720 ILCS 5/12-7.1

84. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

85. In the manner described more fully above, the Defendant Officers did commit one or more crime upon Plaintiff by reason of Plaintiff's race, thereby committing a hate crime as defined by Illinois statute.

86. As a proximate result of Defendants' hate crime, Plaintiff suffered damages, including but not limited to emotional distress.

87. The misconduct alleged herein was within the scope of the Defendant Officers' employment.

88. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

### Count XI -- State Law Claim

### Respondeat Superior

89. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

90. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the

16

Bolingbrook Police Department acting at all relevant times within the scope of their employment.

91. Defendant Village of Bolingbrook is liable as principal for all torts committed by its agents.

### Count XII -- State Law Claim

### Indemnification

92. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

93. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

94. The Defendant Officers are or were employees of the Bolingbrook Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, TIMOTHY BROWNLEE, respectfully requests that this Court enter judgment in his favor and against Defendants, SERGEANT DREW PETERSON, OFFICER DAVI, OFFICER JOHN DOE, and the VILLAGE OF BOLINGBROOK, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, TIMOTHY BROWNLEE, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Michael Kanovitz
Russell Ainsworth
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900

18