IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY BROWNLEE, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 7085 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| VILLAGE OF BOLINGBROOK, | ) | |
| BOLINGBROOK POLICE OFFICER DAVI, | ) | |
| BOLINGBROOK POLICE OFFICER | ) | |
| SMETTERS, and BOLINGBROOK POLICE | ) | |
| SERGEANT HILLIARD, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## JOINT INITIAL STATUS REPORT

Plaintiff, TIMOTHY BROWNLEE, by his attorneys, LOEVY & LOEVY, and Defendants, VILLAGE OF BOLINGBROOK, BOLINGBROOK POLICE OFFICER DAVI, BOLINGBROOK POLICE OFFICER SMETTERS, and BOLINGBROOK POLICE SERGEANT HILLIARD, by their attorneys, TRESSLER SODERSTROM MALONEY & PRIESS, jointly submit the following Status Report:

A.   **NATURE OF THE CASE**

   1.   **Jurisdiction and Claims.**

This is an action arising under federal and state law. Jurisdiction is proper under 28 U.S.C. §1331 and 28 U.S.C. §1367.

Plaintiff asserts federal and state claims arising out of his allegations that Defendants falsely arrested him for supposedly giving a false name, Defendants used racially-offensive language toward him while he was being transported to the station, Defendants used excessive

force against him on the way to and at the police station, including breaking his right thumb, and Defendant maliciously instituted criminal proceedings against him. Plaintiff brings these claims against Defendants Davi, Smetters, and Hilliard ("Defendant Officers"). Plaintiff also brings a *Monell* claim against the Village of Bolingbrook for the alleged deprivation of his constitutional rights. Defendants deny each and every one of these claims. No counterclaims are anticipated.

2. **Relief Sought**

Plaintiff seeks compensatory and punitive damages in an amount to be determined by a jury.

3. **Service.**

All named Defendants have accepted service.

4. **Major Legal Issues.**

The major legal issues are:

(a) Whether the Defendant Officers had probable cause to arrest Plaintiff;

(b) Whether the Defendant Officers used unreasonable force;

(c) Whether the Defendant Officers' use of racially-offensive language (if proven) toward Plaintiff and their treatment of him satisfies the elements of an equal protection claim and a claim for damages under the Illinois Hate Crime statute;

(d) Whether the Village of Bolingbrook was the moving force, through any type of policy, custom or practice, behind any alleged constitutional violation suffered by Plaintiff.

(e) Whether the Individual Defendants are entitled to qualified immunity for any claims asserted under §1983 and/or immunity under the Illinois Tort Immunity Act for the state law claims made in the complaint. Whether the Village has any immunity under the Illinois Tort Immunity Act.

5.  **Major Factual Issues.**

    (a)  Whether the individual Defendant officers could have objectively believed Plaintiff provided a false name to them;

    (b)  Whether Defendant Officers used racially-offensive language;

    (c)  Whether the individual Defendant officers could have objectively believed that Plaintiff acted disorderly toward his neighbors;

    (d)  Whether Defendant Officers used excessive force sufficient to demonstrate a violation of the Constitution or state common law;

    (e)  The nature and extent of Plaintiff's injuries and their relationship to the allegations of Defendants' alleged unlawful behavior.

6.  **Citations to Authorities.**

The parties will provide the Court with all relevant legal citations as dictated by the circumstances of this case.

B. **DISCOVERY**

The parties have not taken discovery to date. All fact discovery should be commenced in time to be completed by August 15, 2008. The parties anticipate the use of expert witnesses, and request that the Court set a schedule for FRCP 26(a)(2) disclosures upon the close of fact discovery. The parties anticipate that the necessary fact discovery will include document discovery and depositions of the parties, third party police officers, third party occurrence and damage witnesses, and FRCP 30(b)(6) witnesses on behalf of the Village of Bolingbrook. Plaintiff anticipates the use of police practices experts on Plaintiff's excessive force and *Monell* claims. The Defendants maintain that there should be no expert on police practices on excessive force or any *Monell* claims.

### C. TRIAL STATUS

Plaintiff has requested a jury trial. The parties anticipate that the trial in this matter will not take more than three trial days.

### D. CONSENT TO MAGISTRATE

The parties do not unanimously consent to exercise of jurisdiction by a Magistrate Judge.

### E. SETTLEMENT STATUS

The parties will appear before the Court on February 15, 2008, at 3 p.m. for a settlement conference.

RESPECTFULLY SUBMITTED,

/s Russell Ainsworth
ATTORNEYS FOR PLAINTIFF

Arthur Loevy
Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
312 North May St.
Suite 100
Chicago, IL 60607
(312) 243-5900

s/ Craig Gordon Penrose
ATTORNEY FOR DEFENDANTS

Craig Gordon Penrose
Tressler Soderstrom Maloney & Priess
233 South Wacker Drive
Sears Tower, 22nd Fl
Chicago, IL 60606-6306
(312) 627-4073

## CERTIFICATE OF SERVICE

I, Russell Ainsworth, an attorney, certify that on February 12, 2008, I served this document by ECF electronic filing as to each party who is represented by counsel who uses electronic filing.

                                S/Russell Ainsorth
                                Attorneys for Plaintiff
                                Arthur Loevy
                                Jon Loevy
                                Russell Ainsworth
                                LOEVY & LOEVY
                                312 North May Street
                                Suite 100
                                Chicago, IL 60607
                                (312) 243-5900