cgp/426078  6121-213

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY BROWNLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 07 CV 7085 |
| VILLAGE OF BOLINGBROOK, ) | |
| BOLINGBROOK POLICE OFFICER ) | Judge Ruben Castillo |
| DAVI, ) | |
| BOLINGBROOK POLICE OFFICER ) | |
| SMETTERS, and ) | |
| BOLINGBROOK SERGEANT HILLIARD, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MOTION OF ALL DEFENDANTS FOR PARTIAL DISMISSAL OF THE FIRST AMENDED COMPLAINT

Now come, all Defendants, by and through their attorneys, Tressler, Soderstrom, Maloney & Priess, LLP and pursuant to Fed. R. Civ. P. 12(b)(6) state as follows:

1. On December 17, 2007, Plaintiff Timothy Brownlee filed a 12-count complaint under 42 U.S.C. § 1983 and also asserted various state law causes of action against Defendant Village of Bolingbrook, Bolingbrook Police Officer Salvatore Davi, and former Police Sergeant Drew Peterson.

2. In a nutshell, Plaintiff alleges that he was falsely arrested on May 28, 2007, (Memorial Day) and claims that he was subject to excessive force later when he was taken to the police station for processing. Significantly, Plaintiff claimed in his original complaint that former Police Sergeant Drew Peterson broke his thumb while at the police station.

3.    On January 29, 2008, Plaintiff filed a First Amended Complaint (Docket #17). This version is virtually identical to the original complaint except for the fact that Plaintiff dropped Drew Peterson from the lawsuit and added Officer Daniel Smetters and Sergeant Rich Hilliard. Now Plaintiff claims Sergeant Hilliard, and not Drew Peterson, "broke" his thumb.

4.    As more thoroughly explained in the accompanying Memorandum in support of this motion, most of the First Amended Complaint must be dismissed for failure to state a claim.

5.    Counts IV (§ 1983 false arrest), Count V (state law false arrest), and Count IX (malicious prosecution) must all be dismissed as to all Defendants because success on all of those counts is predicated on there being no probable cause to arrest Plaintiff. However, the state court in the criminal proceeding against Plaintiff (such criminal action as alluded to in this Complaint) specifically <u>found</u> probable cause. The principles of collateral estoppel/issue preclusion bar relitigation of these claims in this forum now as the issue has already been decided.

6.    Counts VI (§ 1983 conspiracy), Count VII (state law conspiracy), Count VIII (§ 1983 equal protection), and Count IX (state law Hate Crime statute) must all be dismissed as to all defendants under the Supreme Court's decision in *Bell Atlantic* because there are not enough facts showing even a plausible argument for recovery. Finally, under *Bell Atlantic*, all § 1983 *Monell* claims against the Village must also be dismissed for the same reason. There are not enough facts to make even *a plausible* showing of *Monell* liability.

7.    Finally, the "conspiracy counts," Counts VI and VII, must also be dismissed as to all parties for the alternative reason that the only conspiracy alleged (or that could be alleged) is an intracorporate conspiracy, which fails as a matter of law.

8. Thus, the only Counts that should remain standing after this motion is granted are Counts I and II (§ 1983 excessive force and assault), Count III (§ 1983 failure to intervene) as to the officers, and Count II, Count XI (indemnification for state torts under respondeat superior) and Count XII (statutory indemnification for any judgment) as to the Village.

WHEREFORE, all Defendants respectfully request that this motion be granted and for all other relief that is just equitable and appropriate.

Respectfully submitted,

By: s/Craig G. Penrose
Craig G. Penrose

Craig G. Penrose
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6399
(312) 627-4000
(312) 627-1717 (Fax)
E-mail:   cpenrose@tsmp.com

ATTORNEYS FOR ALL DEFENDANTS

# CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Russell Ainsworth
Loevy &Loevy
312 N. May Street
Suite 100
Chicago, Il 60607

Russell@loevy.com

**Attorney for Plaintiff Timothy Brownlee**

					s/Craig G. Penrose
					Craig G. Penrose