CGP/426353                                                                                         6121-213

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY BROWNLEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 07 C 7085 |
| VILLAGE OF BOLINGBROOK, | ) | |
| BOLINGBROOK POLICE OFFICER DAVI, | ) | |
| BOLINGBROOK POLICE OFFICER | ) | |
| SMETTERS, and BOLINGBROOK POLICE | ) | |
| SERGEANT HILLIARD, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**ANSWER TO FIRST AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES**

NOW COMES, Defendants Village of Bolingbrook, Defendant Davi, Defendant Smetters

and Defendant Hilliard, by and through their attorneys Tressler, Soderstrom Maloney & Priess,

LLP, and for their Answer to First Amended Complaint, states as follows:

**Introduction**

1.      This action is brought pursuant to 42 U.S.C. Section 1983 to redress the
deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:    Admit that this is an action brought under Section 1983 but deny that**

**Plaintiff is entitled to recover.**

2.      The following events concern the brutal breaking of Plaintiff's right thumb by
Defendant Sergeant Hilliard. Plaintiff began his Memorial Day by planning a holiday barbecue.
He was healthy and surrounded by his family. His day ended in the hospital with a broken thumb
and being falsely accused of a crime. This suit seeks redress for this violation of his rights.

**ANSWER:    Deny first sentence.    Defendants are without sufficient knowledge to either**

**admit or deny second sentence, so it is deemed denied.    Deny third and fourth sentence.**

## Jurisdiction and Venue

3.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

**ANSWER:     Admit that this court has jurisdiction, but deny that Plaintiff is entitled to recover.**

4.      Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**ANSWER:     Admit that venue is proper, but deny that Plaintiff is entitled to recover**

## Plaintiff's Allegations

5.      Mr. Brownlee is a thirty-five year-old father of three who lives in Bolingbrook, Illinois. He has lived in the same single-family home in Bolingbrook since 2002, and works as a barber.

**ANSWER:     Defendants are unable to admit or deny this paragraph, so it is deem denied.**

6.      On May 28, 2007, Plaintiff and his family were celebrating Memorial Day in a traditional American fashion - by hosting a barbecue. Plaintiff's two nieces joined him, his fiance, and their three children to celebrate the holiday.

**ANSWER:     Defendants are unable to admit or deny this paragraph, so it is deem denied.**

7.      That morning, Plaintiff returned from the store to discover that Bolingbrook police officers were at his home investigating an alleged dispute between Plaintiff's next-door neighbors and his family.

**ANSWER:     Admit that the Bolingbrook police were summoned via 911 to investigate a disturbance between Plaintiff and his neighbor.   Deny all other allegations in this paragraph.**

8.      Plaintiff immediately spoke with the officers, Defendants Davi and Smetters, and provided his driver's license when asked for his identification.

**ANSWER:     Denied.**

9.      After speaking to all of the parties, Defendants Davi and Smetters left the scene without incident, telling everyone involved to try to get along.

**ANSWER:     Denied.**

10.     Approximately half an hour later, Defendant Davi returned to Plaintiff's house

and accused Plaintiff of having previously given him a false name. Plaintiff denied the allegation, pointing out that he had given the officer his state-issued identification which had his correct name on it. Moreover, Plaintiff had no reason to lie about his identity - he had not committed any crime, he had no warrants out for his arrest, and he was at his own home.

**ANSWER:    Deny first sentence.    Admit that Plaintiff gave Officer Davi a false name.**

**Deny second sentence.    Defendants are unable to admit or deny third sentence, so it is**

**deemed denied.**

11.    Davi insisted, however, that Plaintiff had told him that his name was "Timothy Sandifer" rather than "Timothy Brownlee." Defendant Davi may very well have confused Plaintiff's last name with that of his fiance, Tiggen Sandifer, because Plaintiff and his fiance have the same birth day, albeit one year apart.

**ANSWER:    Deny first sentence.    Further answering Plaintiff never told Davi his name**

**was "Timothy Brownlee" until after this incident.    Defendants are unable to either admit**

**or deny second sentence, so it is deemed denied.**

12.    Nevertheless, Defendant Davi ordered Plaintiff out of his house and immediately handcuffed him. He then placed him in the back of his squad car (without searching him) and drove off.

**ANSWER:    Defendants can neither admit not deny the first sentence because it is too**

**vague so it is deemed denied.    However, admit that Plaintiff was informed he was under**

**arrest for obstruction of justice for giving a false name.    Deny second sentence.    Further,**

**answering admit that the officers conducted a safety pat down at that time and proceeded**

**to the Police station for booking.**

13.    While Defendant Davi drove to the station, he told Plaintiff (who is African-American) that "niggers don't belong in Bolingbrook," and said that "a thirty-five year-old man shouldn't be picking on an eighty year-old man," (or words to that effect), referring to Plaintiff's neighbor.

**ANSWER:    Denied.**

14.    Defendant Davi continued his verbal assault on Plaintiff by telling him that he and other officers would "kick his ass" at the police station, or words to that effect.

**ANSWER:    Denied.**

3

15.    Plaintiff, who was arrested wearing only sweat pants, a tank top, and flip flops, became concerned for his safety. He still had his cell phone clipped to his pants, so he reached over with his handcuffed hands, activated his cell phone, and called his brother, a Chicago police officer.

**ANSWER:    Deny first sentence.  Defendant can neither admit nor deny the complete second sentence, so it is deemed denied.  Further answering, admit that Plaintiff made a phone call while on route to the Police Station.**

16.    When Defendant Davi heard Plaintiff's cell phone (it was on speaker, given the fact that Plaintiff's hands were still cuffed behind his back), he immediately accused Plaintiff of recording his racist speech. Defendant Davi radioed to Defendant Smetters and then pulled over into the Seventh Day Adventist church parking lot in Bolingbrook, where he was met by Defendant Smetters.

**ANSWER:    Denied.**

17.    In the parking lot, Defendant Davi yanked Plaintiff out of the back of the car by his handcuffs. Plaintiff was taken to the back of the car and searched in an invasive manner. Defendant Davi, while searching Plaintiff, reached between Plaintiff's legs and grabbed his testicles in a painful manner.

**ANSWER:    Denied.**

18.    Defendant Smetters, meanwhile, retrieved Plaintiff's cell phone and attempted to find out whether Plaintiff had in fact been recording his conversation. The cell phone, however, required an access code to be inputted in order to permit Defendant Smetters to read it.

**ANSWER:    Denied.**

19.    Defendant Davi then pulled Plaintiff's arms (which were still cuffed behind him) over his head, causing him pain, while trying to get Plaintiff to give him his access code.

**ANSWER:    Denied.**

20.    Defendant Davi then returned Plaintiff to the squad car and drove him to the police station.

**ANSWER:    Admit.**

21.    Once at the station, Defendant Officers Davi and Smetters took Plaintiff's sandals and his pants from him, telling Plaintiff it was because the drawstring on the pants was sewn in. Plaintiff, who was not wearing underwear, was placed in a holding cell wearing nothing but his tank top.

**ANSWER:    Denied.  Further answering, Defendants admit that the string on Plaintiff's pants was a safety hazard.   However, rather than remove the string as the Officers requested, Plaintiff on his own volition removed his pants and "threw" them at the Officers.**

22.     After a period of time, one of the Defendants came to get Plaintiff from his cell. When Plaintiff asked for his sandals, the Defendant left.

**ANSWER:    Deny the first sentence as it is too vague.  Further answering, admit that the Officers were going to retrieve Plaintiff from his cell and transfer him to Will County because of his non cooperation. Deny that the Officers "left."**

23.     All three Defendant Officers then returned, including Defendant Sergeant Hilliard, and proceeded to grab Plaintiff and drag him by his legs to the front of the booking area. Once there, the Defendants threw Plaintiff to the ground and then began kneeing him in his back and neck and pulling his arms into painful positions. Plaintiff made no effort to resist in any way, and went limp instead.

**ANSWER:    Denied.**

24.     The Defendants pulled Plaintiff's arms behind his back and re-handcuffed him.

**ANSWER:    Deny that Plaintiff's arms were "pulled" behind his back.   Admit that Plaintiff was to be "re-handcuffed" for transfer to Will County due to his non cooperation**

25.     After he was cuffed, Defendant Hilliard grabbed his right thumb and twisted it, breaking it. Plaintiff immediately experienced terrible pain.

**ANSWER:    Denied.**

26.     Plaintiff was taken to the hospital, where x-rays were taken of his thumb, revealing that Sgt. Hilliard had broken it.

**ANSWER:    Denied.**

27.     Defendants then falsely charged Plaintiff with disorderly conduct and obstruction of justice for allegedly giving a false name to the Defendants. Plaintiff was never charged with resisting arrest or battery to a police officer or any other such crime.

**ANSWER:    Deny first sentence.   Admit second sentence, but further answering such**

statement is completely irrelevant.

28.   Four months later, all charges against Plaintiff were dismissed in a manner indicative of his innocence.

**ANSWER:   Denied.**

29.   Notwithstanding his eventual exoneration, Plaintiff spent the rest of his Memorial day under guard at the hospital, and was then transported from the hospital to the Will County jail as an accused criminal, where he was booked and forced to post bond.

**ANSWER:   Admit that Plaintiff was transferred to Will County.  Defendants are unable to either admit nor deny the other allegations in this paragraph, so they are deemed denied.**

30.   Moreover, Plaintiff suffered excruciating pain from his broken thumb and had difficulty working as a barber for months until his thumb healed.

**ANSWER:   Defendants are unable to either admit nor deny the other allegations in this paragraph so they are deemed denied.**

### Count I -- 42 U.S.C. § 1983

### Excessive Force

31.   Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:   Each of the Individual Defendants' answers is incorporated in this paragraph as if fully restated.**

32.   As described in the preceding paragraphs, the conduct of the Defendant Officers toward Plaintiff constituted excessive force in violation of the United States Constitution.

**ANSWER:   Denied.**

33.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:   Denied.**

34.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**    **Denied.**

35.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Bolingbrook Police Department in that:

a.    As a matter of both policy and practice, the Bolingbrook Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b.    As a matter of both policy and practice, the Bolingbrook Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Bolingbrook Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Bolingbrook Police Officers accused of excessive force can be confident that internal affairs will not investigate those -accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Bolingbrook Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Bolingbrook Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Bolingbrook Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

e.    The Village of Bolingbrook has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER:**    **Denied.**

36.    As a result of the unjustified and excessive use of force by Defendant Officers, as well as the Village's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

**ANSWER:**    **Denied.**

37.    The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and under color of law such that their employer, Village of Bolingbrook, is liable for their actions.

**ANSWER:**    **Denied.**

## COUNT II -- State Law Claim

### Assault and Battery

38.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:**    **Each of the Defendants' answers is incorporated in this paragraph as if fully restated.**

39.    As described more fully in the preceding paragraphs, the actions of the Defendant Officers created a reasonable apprehension of imminent harm and constituted offensive physical contact with Plaintiff.

**ANSWER:**    **Denied.**

40.    As a result of the actions of the Defendant Officers, Plaintiff sustained physical and emotional injuries.

**ANSWER:**    **Denied.**

41.    The misconduct described in this Count. was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**    **Denied.**

42.    The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employers, Village of Bolingbrook, is liable for their actions.

**ANSWER:**    **Denied.**

### Count III -- 42 U.S.C. § 1983

### Failure to Intervene

43.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:**    **Each of the Individual Defendants' answers is incorporated in this paragraph as if fully restated.**

44.    One or more of the Defendant Officers had a reasonable opportunity to prevent another Officer from using excessive force against Plaintiff had they been so inclined, but they failed to do so.

8

**ANSWER:**    **Denied.  Further answering, no Defendant used excessive force, thus there is**

**no duty to "intervene."**

45.    As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

**ANSWER:**    **Denied.  Further answering, no Defendant used excessive force, thus there**

**was no duty to "intervene."**

46.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**    **Denied.**

47.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Bolingbrook Police Department in the manner described more fully above.

**ANSWER:**    **Denied.**

48.    The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, Village of Bolingbrook, is liable for their actions.

**ANSWER:**    Denied.

## Count IV -- 42 U.S.C. § 1983

### False Arrest/Unlawful Detention

49.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:**    **All Defendants have moved to dismiss this Count so no answer is needed.**

50.    As described more fully above, Defendant Officers Davi and Smetters falsely arrested and unlawfully detained Plaintiff without legal justification.

**ANSWER:**    **All Defendants have moved to dismiss this Count so no answer is needed.**

51.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**    **All Defendants have moved to dismiss this Count so no answer is needed.**

52.    The misconduct described in this Count was undertaken pursuant to the policy

and practice of the Bolingbrook Police Department in the manner described in preceding paragraphs.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

53.     As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to emotional distress and anguish.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

54.     The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, Village of Bolingbrook, is liable for their actions.

### COUNT V -- State Law Claim

### False Arrest/False Imprisonment

55.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

56.     Plaintiff was arrested and detained despite the Defendant Officers Davi and Smetters' knowledge that there was no lawful justification for doing so.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

57.     In the manner described more fully above, Defendant Officers Davi and Smetters unlawfully restrained Plaintiff's liberty by imprisoning him.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

58.     As a result of this misconduct, Plaintiff has suffered and continues to suffer damages, including but not limited to emotional distress and anguish.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

59.     The misconduct set forth above was undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

60.     The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, Village of Bolingbrook, is liable for their actions.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

## Count VI -- 42 U.S.C. § 1983

## Conspiracy

61.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

62.     As described more fully in the preceding paragraphs, prior to the assault and battery on Plaintiff described above, the Defendant Officers, acting under color of law and within the scope of their employment, entered into an agreement amongst themselves and other unknown police officers to deprive Plaintiff of his constitutional rights.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

63.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

64.     As a proximate result of this conspiracy, Plaintiff suffered damages, including the deprivation of Plaintiff's constitutional rights and emotional distress.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

65.     The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, Village of Bolingbrook, is liable for their actions.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

## Count VII -- State Law Claim
## Civil Conspiracy

66.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

67.     As described more fully in the preceding paragraphs, Defendants conspired by concerted action to accomplish an unlawful purpose by unlawful means.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

68.     In furtherance of the conspiracy, Defendants committed overt acts and were otherwise willful participants in joint activity.

11

**ANSWER: All Defendants have moved to dismiss this Count so no answer is needed.**

69. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER: All Defendants have moved to dismiss this Count so no answer is needed.**

70. As a proximate result of Defendants' conspiracy, Plaintiff suffered damages, including, but not limited to, severe emotional distress and anguish, as is more fully alleged above.

**ANSWER: All Defendants have moved to dismiss this Count so no answer is needed.**

**Count VIII -- 42 U.S.C. § 1983**
**Equal Protection**

71. Plaintiff realleges and incorporates each of the Paragraphs of this Complaint as if restated herein.

**ANSWER: All Defendants have moved to dismiss this Count so no answer is needed.**

72. As described more fully above, Defendants, all while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, denied Plaintiff equal protection of the law in violation of his constitutional rights.

**ANSWER: All Defendants have moved to dismiss this Count so no answer is needed.**

73. Said treatment of Plaintiff was motivated by racial animus and constituted purposeful discrimination.

**ANSWER: All Defendants have moved to dismiss this Count so no answer is needed.**

74. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER: All Defendants have moved to dismiss this Count so no answer is needed.**

75. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Bolingbrook Police Department in the manner described more fully above.

**ANSWER: All Defendants have moved to dismiss this Count so no answer is needed.**

76. As a result of the above-described wrongful conduct, Plaintiff has suffered damages, including but not limited to, emotional distress and anguish.

**ANSWER: All Defendants have moved to dismiss this Count so no answer is needed.**

## Count IX -- State Law Claim
## Malicious Prosecution

77.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

78.     In the manner described more fully above, Plaintiff was improperly subjected to judicial proceedings unsupported by probable cause to believe that he had committed a crime. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of his innocence.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

79.     Specifically, the Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause and made statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

80.     The Defendant Officers made statements regarding Plaintiff's alleged culpability with knowledge that the statements were false and perjured. In so doing, the Defendant Officers fabricated evidence and withheld exculpatory information.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

81.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

82.     As a proximate result of this misconduct, Plaintiff suffered injuries, including but not limited to emotional distress.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

83.     The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, Village of Bolingbrook, is liable for their actions.

**ANSWER:     All Defendants have moved to dismiss this Count so no answer is needed.**

## Count X -- State Law Claim
## Illinois Hate Crime Statute, 720 ILCS 5/12-7.1

84.     Each of the Paragraphs in this Complaint is incorporated as if restated fully

13

herein.

**ANSWER:** **All Defendants have moved to dismiss this Count so no answer is needed.**

85.    In the manner described more fully above, the Defendant Officers did commit one or more crime upon Plaintiff by reason of Plaintiff's race, thereby committing a hate crime as defined by Illinois statute.

**ANSWER:** **All Defendants have moved to dismiss this Count so no answer is needed.**

86.    As a proximate result of Defendants' hate crime, Plaintiff suffered damages, including but not limited t emotional distress.

**ANSWER:** **All Defendants have moved to dismiss this Count so no answer is needed.**

87.    The misconduct alleged herein was within the scope of the Defendant Officers' employment.

**ANSWER:** **All Defendants have moved to dismiss this Count so no answer is needed.**

88.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** **All Defendants have moved to dismiss this Count so no answer is needed.**

### Count XI -- State Law Claim
### Respondeat Superior

89.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:** **Each of the Defendants' answers is incorporated in this paragraph as if fully restated.**

90.    In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Bolingbrook Police Department acting at all relevant times within the scope of their employment.

**ANSWER:** **Admit that the individual Officers were agents of the Bolingbrook Police department concerning the claims alleged in this complaint. Further answering, all Defendants state that no Officer's conduct was unlawful.**

91.    Defendant Village of Bolingbrook is liable as principal for all torts committed by its agents.

**ANSWER:**    **This is a pure statement of law to which no answer is required.**

<div align="center">

**Count XII -- State Law Claim**
**Indemnification**

</div>

92.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:**    **Each of the Individual Defendants' answers is incorporated in this paragraph as if fully restated.**

93.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:**    **This is a pure statement of law to which no answer is required.**

94.    The Defendant Officers are or were employees of the Bolingbrook Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:**    **Admit that the individual Officers were employees of the Bolingbrook Police department concerning the claims alleged in this complaint.    Further answering, all Defendants state that no Officer's conduct was unlawful.**

<div align="center">

**AFFIRMATIVE DEFENSES**

</div>

**A.    Qualified Immunity**

1.    The officers received a call of a disturbing the peace.

2.    Upon arriving at the scene, Plaintiff's neighbors, Mr. and Mrs Pausche indicated that there was a disturbance with Plaintiff and subsequently signed Complaints.

3.    When questioned by Police, Plaintiff said his name was Timothy Sandifer.

4.    The officers determined through a check of the car registration in Plaintiff's driveway that he was not telling the truth; as his name was Timothy Brownlee.

5.    The Defendants were reasonable to arrest Plaintiff and the law was not clearly established that there was no probable cause on these facts thus there is qualified immunity.

<div align="center">

15

</div>

6.    Plaintiff refused to cooperate and answer the questions for booking at the police station. This necessitated holding Plaintiff in the Police detention area.

7.    Due to this non cooperation, Plaintiff was placed in a cell at Bolingbrook Police station.

8.    Each time the officers would request the information to complete the report and perform a cell check, Plaintiff would only say "suck my dick"

9.    The officers determined that Plaintiff would need to be transferred to Will County Jail, due to his failure to cooperate.

10.    Plaintiff refused to get out of his cell and thus the officers were required to remove him for transfer.

11.    Consistent with general practice for a transfer, Plaintiff was to be handcuffed.

12.    Plaintiff resisted being handcuffed.

13.    All Defendants have qualified immunity because there was no clearly established law based on these facts that Defendants violated the Constitution with respect to the force needed to maintain order in the Village jail area due to Plaintiff's behavior.

14.    All Defendants also have qualified immunity for "failure to intervene," "conspiracy" and equal protection because the law was not clearly established to demonstrate a violation of the Constitution.

**B.    Collateral Estoppel**

1.    Plaintiff was charged with disorderly conduct and obstruction.

2.    The state criminal court made a finding of probable cause under *Gerstein.*

3.    Under the principle of collateral estoppel/issue preclusion, Plaintiff cannot contradict or challenge the finding of probable cause by the criminal court. He thus cannot

prevail on false arrest claims or malicious prosecution claims.

## C.    State Tort Immunities.

1.    Pursuant to 720 ILCS 5/7-5, Police Officers are permitted to use reasonable force. As referenced above, all of the actions by the Officers were reasonable, and there can be no assault and battery.

2.    Pursuant to 745 ILCS 2-202, the arrest of Plaintiff and any force used against Plaintiff (if proven) was in the execution or enforcement of a law and was not committed with willful and wanton conduct, thus Defendants cannot be liable

3.    Pursuant to 745 ILCS 2-102, actions of the officers were in acting in an executive capacity, so no punitives can be assessed under state law claims.

4.    Pursuant 745 ILCS 2-109 a municipality cannot be liable for state law claims unless an employee is liable.  Because there is no individual liability for state law claims as referenced above, there can be no municipal liability.

WHEREFORE, , SERGEANT HILLIARD, OFFICER DAVI, OFFICER SMETTERS, and the VILLAGE OF BOLINGBROOK seek dismissal of the First Amended Complaint, as well as any other relief this Court deems just and appropriate.

By:   s/Craig G. Penrose
One of Their Attorneys

Craig G. Penrose
Attorney for Village of Bolingbrook and Davi
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6399
(312) 627-4000
(312) 627-1717 (Fax)
E-mail:
**cpenrose@tsmp.com**

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Russell Ainsworth
Loevy &Loevy
312 N. May Street
Suite 100
Chicago, Il 60607

Russell@loevy.com

Attorney for Plaintiff Timothy Brownlee

s/Craig G. Penrose
Craig        G.        Penrose