IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY BROWNLEE, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 7085 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| VILLAGE OF BOLINGBROOK, | ) | |
| BOLINGBROOK POLICE OFFICER DAVI, | ) | |
| BOLINGBROOK POLICE OFFICER | ) | |
| SMETTERS, and BOLINGBROOK POLICE | ) | |
| SERGEANT HILLIARD, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S EXPERT REPORT**

Plaintiff, TIMOTHY BROWNLEE, by his attorneys, LOEVY & LOEVY, submits the following Response Brief to the Defendants' Motion to Strike, as follows:

**I.    Plaintiff has Complied with Rule 26(a)(2)(A)**

Defendants argue that Plaintiff did not separately disclose Mr. Johnson as an expert pursuant to Rule 26(a)(2)(A). Motion at 6. Plaintiff responds that he did identify Mr. Johnson as an expert on whose testimony he intends to rely – he provided Defendants with a report listing Mr. Johnson's name, address, and a report detailing the opinion testimony he intends to elicit from Mr. Johnson. Plaintiff is unsure what additional notice Defendants require to learn that Plaintiff intends to elicit opinion testimony from Mr. Johnson.

To be absolutely clear, Plaintiff did provide Defendants with a separate formal disclosure of Mr. Johnson, after the filing of their Motion but before the close of fact discovery.  *See* Exhibit A.  In any event, Defendants have not suggested any prejudice they may have suffered as they obviously are on notice that Plaintiff plans to call Mr. Johnson as an opinion witness at trial.  They have suffered no harm and thus, any failure to disclose under Rule 26(a) is harmless and, therefore, not suitable for sanction under Rule 37(c)(1).  *See* Rule 37(c)(1) (court may bar undisclosed testimony "unless such failure [to disclose] is harmless").

**II.   Mr. Johnson's Opinion #1**

Defendants first attack this opinion on the basis that it is not relevant to this lawsuit.  Motion at 7.  While the opinion must be relevant to a fact at issue, the opinion need not be one of the ultimate issues to be decided by the jury in order to be admissible.  *Smith v. Ford Motor Co.*, 215 F.3d 713 (7th Cir. 2000) ("The expert need not have an opinion on the ultimate question to be resolved by the trier of fact").

This opinion is relevant to rebut Defendant Davi's testimony that Plaintiff did not produce a driver's license to him.  Recall that Defendant Davi claimed that Plaintiff gave him a false name and that is why he arrested him.

Putting aside the fact that Plaintiff was at his own home and had no warrants, recent arrests, or any other reason to give a false name, Plaintiff had also just driven home from the store.  Plaintiff's expert will opine that a reasonable police officer in Defendant Davi's position, upon asking for identification from a person who had just

been driving, would have arrested the person for driving without a license, casting doubt on Davi's testimony. That testimony is relevant to a central issue at trial – whether Plaintiff in fact gave Davi a driver's license, which Davi confused with Plaintiff's fiancé's and mistakenly concluded that Plaintiff gave Davi his own first name and his fiancé's last name.

Furthermore, Plaintiff's expert is permitted to testify as to what a reasonable police officer would do under the set of facts put forward by Plaintiff. Although his opinion references a law, he is not opining on the meaning of the law. Rather, Mr. Johnson will testify that a reasonable police officer, if he had knowledge that a person was driving without a driver's license, would arrest that person. *See United States v. Blount*, 502 F.3d 674, 680 (7th Cir. 2007) ("There is a difference between stating a legal conclusion and providing concrete information against which to measure abstract legal concepts.").

As to Defendants' complaint that Mr. Johnson is "wrong on the facts," Defendants are substituting their testimony for stipulated facts. Motion at 7. Plaintiff testified that he was driving when he arrived home and encountered Davi. Exhibit B at 37. Moreover, Davi testified that he saw that Plaintiff arrived home in a vehicle, immediately went up to Plaintiff when he pulled into his driveway, but conveniently does not recall whether Plaintiff was driving or not. Exhibit C at 103-04. The jury is not required to credit Davi's testimony and will be aided by Mr. Johnson's testimony as to what a reasonable police officer would do under the facts set forth by Plaintiff, if indeed

he did not produce a driver's license.

### III.   Mr. Johnson's Opinions #2 & #3

Mr. Johnson's second opinion is admissible. Plaintiff's theory is that Defendant Davi exhibited animus to Plaintiff and falsely arrested him. When Davi returned to Plaintiff's residence (at which point Plaintiff and his fiancé believed Davi had long since left the scene), he arrested him without a warrant or probable cause to believe he had committed a crime. Plaintiff's expert makes clear that, to make an arrest inside Plaintiff's home, Defendant Davi should have first contacted a judge to obtain a warrant.

Likewise, Mr. Johnson's third opinion is also admissible. Although 725 ILCS 5/107-14 requires provision of a person's name when the officer reasonably infers that a person has been committing a criminal offense, it is undisputed that Defendant Davi did not have probable cause to arrest Plaintiff:

> Q:   So up until the time that you found out that Mr. Brownlee's name was Brownlee, you didn't have any probable cause to arrest either Mr. Brownlee or anybody else at the scene?
>
> A:   Correct.

Exhibit C at 120.

Nevertheless, to short circuit this debate, Plaintiff will agree to withdraw these opinions from Mr. Johnson's testimony at trial.

4

IV.   **Mr. Johnson's Opinion #4**

Mr. Johnson's fourth opinion is relevant and admissible.  It is well settled that an expert may testify based on his experience in a particular field.  "Rule 702 specifically contemplates the admission of testimony by experts whose knowledge is based on experience." *Walker v. Soo Line RR. Co.*, 208 F.3d, 581, 591 (7th Cir. 2000); Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 156 (1999) ("[N]o one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience").  Indeed, the Advisory Committee notes to Rule 702 specifically provide that: "in certain fields, experience is the predominant, if not the sole, basis for a great deal of reliable expert testimony." *See also E.E.O.C. v. Caterpillar, Inc.*, 2004 WL 2092003 (N.D.Ill. 2004) (opinion testimony based on first-hand knowledge deemed "helpful to the jury's determination of whether plaintiffs' work environment was objectively and subjectively hostile").

Mr. Johnson has extensive experience in police procedures.  As his report states, his

> opinions are based on [his] police training and law enforcement experience of almost fourteen years, having made over 150 felony and gun arrests while assigned to the task force of the Chicago police department, as well as the instruction I gave to over 3,000 Chicago, Suburban and Sheriff's police recruits as the Chief Instructor of Defensive Tactics at the Timothy J. O'Connor Police Training Division, and [his] five years as a Cook County State's Attorney Investigator assigned to the Special Prosecutions bureau at 2600 S. California Ave, Chicago, Illinois

Johnson's Report, page 5.

Mr. Johnson's opinion will assist the trier of fact as to what police officers typically do to identify civilians, based on his experience and expertise.  He will testify that, in his experience, police officers are trained to request government identification when called to the scene under the circumstances Davi encountered.  Although Mr. Johnson is testifying from his experience, it is notable that Bolingbrook's own police manual states that "Police have asked for [written] I.D. as a matter of practice because it is the 'best' proof of a person's identity."  Exhibit D.

Defendants attack his opinion because they believe that a person who has called 911 is immune from being asked for his or her identification.  But that issue is best left for cross-examination of the expert witness, not wholesale barring his opinion.  *See Smith v. Ford Motor Co.*, 215 F.3d 713, 719 (7th Cir. 2000) ("The question of whether the expert is credible or whether his or her theories are correct given the circumstances of a particular case is a factual one that is left for the jury to determine after opposing counsel has been provided the opportunity to cross-examine the expert regarding his conclusions and the facts on which they are based").

V.      **Mr. Johnson's Opinion No. 5**

Mr. Johnson's fifth opinion is also based on his experience and expertise and is admissible.  He opined that a reasonable police officer would search Plaintiff before placing him in a police car under arrest.  This opinion was based on the undisputed fact that Plaintiff still had his cell phone in the back of the police car and Davi's testimony that there was absolutely no reason that Plaintiff still had his cell phone in the back of

the police car. Exhibit C at 139.

Defendants are correct that Plaintiff cannot claim a constitutional violation from not being searched, but Plaintiff is not trying to recover on that theory. Rather, this testimony is relevant to Defendant Davi's disregard of proper police procedure during his encounter with Plaintiff.

## VI.    Mr. Johnson's Opinion No. 6

Mr. Johnson's sixth opinion is directly relevant to contradict Defendant Davi's testimony that he stopped the car because Plaintiff was supposedly causing a disturbance. According to Plaintiff, Davi pulled over because he thought Plaintiff was recording his racist speech on his cell phone. According to Mr. Johnson, this stop was unnecessary and actually dangerous for Defendant Davi and against proper police training. The correct procedure to employ if Plaintiff was truly being combative, per Mr. Johnson, was to drive to the police station and remove Plaintiff in the controlled environment of a sallyport, rather than to stop on the side of the street in an uncontrolled situation.

Again, Defendants are free to cross-examine Mr. Johnson on whether a person's use of a cell phone in the back seat requires an immediate stop or if the use of the cell phone means that the police officer should immediately relocate the individual to the police station. *See Daubert v. Merrell Dow Pharmaceuticals, Inc*, 509 U.S. 579, 596 (1993) ("vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking").

Furthermore, Mr. Johnson did not opine that the force used during the search was "excessive." Rather, he stated that the force was "unnecessary." Should Davi testify at trial that he grabbed Plaintiff's testicles as part of a routine pat down, Plaintiff will call upon Mr. Johnson to refute that assertion via his opinion testimony.

### VII.    Mr. Johnson's Opinion No. 7

Mr. Johnson is entitled to credit one party's version of the facts over another's and render an opinion based on those facts. *See United States v. Hall*, 93 F.3d 1337, 1345 (7th Cir. 1996) (simply because facts are disputed "provides no reason to exclude the expert testimony; it is a rare case where everything is agreed except the subject matter for which the expert is presented"). Mr. Johnson is entitled to opine on the propriety of a police officer using the language that Plaintiff has testified that Davi used toward him.

For purposes of simplifying this motion, Plaintiff agrees not to have Mr. Johnson testify whether one witness is more credible than another. Indeed, the whole thing is really sort of semantic; Mr. Johnson's opinion is just another way of saying "if Plaintiff's version of events is credited, then I have the following opinions."

### VIII.   Mr. Johnson's Opinion No. 8

Plaintiff's expert is entitled to credit a version of the facts and opine therefrom. Indeed, the Advisory Committee's Note to Rule 702 states: "When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The emphasis in the amendment on 'sufficient facts or data' is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one

version and not the other." *See also Richman v. Sheahan,* 415 F.Supp.2d 929, 942 (N.D. Ill. 2006) ("Experts routinely base their opinions on assumptions that are necessarily at odds with their adversary's view of the evidence."). Mr. Johnson's testimony about the manner in which Plaintiff was treated by Defendants is admissible.

IX.     **Mr. Johnson's Opinion No. 10**

Simply because the expert has opined on an ultimate question of fact does not preclude his or her testimony. In fact, the Federal Rules of Evidence Expressly provide for an expert to opine on an ultimate issue: "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Rule 704(a). For example, the Seventh Circuit has permitted testimony from a police expert that a gun found in a drug house was "used in furtherance of [the defendant's] drug activities" based on his knowledge of drug transactions, to prove that the defendant was guilty of possessing a gun in furtherance of a drug trafficking crime. *See United States v. Blount*, 502 F.3d 674, 679 (7th Cir. 2007); *see also Abdullahi v. City of Madison*, 423 F.3d 763, 772 (7th Cir. 2005) (permitting expert testimony on whether force was excessive); Calusiski v. Kruger, 24 F.3d 931, 937 (7th Cir. 1994); Kladis v. Brezek, 823 F.2d 1014, 1019 (7th Cir. 1987).

*Thompson v. City of Chicago,* 472 F.3d 444 (7th Cir. 2006) is distinguishable. In *Thompson*, the seventh circuit simply upheld the district court's discretionary decision to bar otherwise admissible testimony under Rule 403. *Id.* at 457. In so doing, the court implicitly determined that the testimony was admissible. Moreover, the testimony here

is helpful to a trier of fact.  A juror may mistakenly believe that police control techniques are supposed to cause injury to an arrestee, for example.  Mr. Johnson's testimony is helpful to refute that belief.  Mr. Johnson can also explain to the jury the meaning of the term "passive resistance" and the amount of force that police officers are trained to use on a passive resistor.

## X.     Mr. Johnson's Opinion No. 11

Mr. Johnson's use of the word "fail" aside, his testimony on this point is admissible.  Plaintiff contends that the Defendants did not show up in court (despite being given explicit instructions to appear) because they knew that they had committed misconduct.  *See* Exhibit E.  To buttress this point, as described in his report, Mr. Johnson will opine that police officers are trained to appear in court, and that it is part of their professional duties as a police officer.

Contrary to Defendants' belief, Mr. Johnson is not being called to establish whether or not the Defendants failed to show up or never were notified.  He will testify that, if the Defendants did indeed receive notice to appear, their failure to appear was "totally unprofessional and against proper police procedures."

## XI.    Mr. Johnson's Report Complies with *Daubert*

Mr. Johnson detailed his experience, expertise, and his methodology in his report.  His report details the factors he considered and the opinions he rendered; there can be no surprise to Defendants as to what his opinions will be at trial.

Simply because Mr. Johnson comes from a so-called "soft" science background rather than a hard science background does not mean that his testimony should be barred. "The *Daubert* inquiry is 'a flexible one' and is not designed to serve as a 'definitive check-list or test,' but rather to ensure 'that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Bryant v. City of Chicago*, 200 F.3d 1092, 1098 (7th Cir. 2000). "Rule 702 specifically contemplates the admission of testimony by experts whose knowledge is based on experience." *Walker v. Soo Line RR. Co.*, 208 F.3d, 581, 591 (7th Cir. 2000); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 156 (1999) ("[N]o one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience"). Indeed, the Advisory Committee notes to Rule 702 specifically provide that: "in certain fields, experience is the predominant, if not the sole, basis for a great deal of reliable expert testimony." *See also E.E.O.C. v. Caterpillar, Inc.*, 2004 WL 2092003 (N.D.Ill. 2004) (opinion testimony based on first-hand knowledge deemed "helpful to the jury's determination of whether plaintiffs' work environment was objectively and subjectively hostile").

Mr. Johnson has trained thousands of police recruits in his career, as well as supervised persons training police officers. He has made countless arrests and developed policies for "Defensive Tactics [and] Handcuffing," among other topics. *See* Mr. Johnson's resume, page 3. His experience is helpful to a lay jury to understand

11

topics likely to arise at trial and their meaning. Absent his testimony, to take one example, the jury may believe that Defendant Davi truly had to stop in the middle of the street because he feared Plaintiff was calling someone to come and interfere with his police duties. Mr. Johnson can explain to the jury that if a police officer fears that others might be coming to do him harm, the safest and most judicious practice is to go directly to the police station, rather than stopping on the side of the road in a vulnerable position. *See Tuf Racing Prods., Inc. v. Am. Suzuki Motor Corp.*, 223 F.3d 585, 591 (7th Cir. 2000) ("Anyone with relevant expertise enabling him to offer responsible opinion testimony helpful to judge or jury may qualify as an expert witness"); *Tyus v. Urban Search Mgmt.*, 102 F.3d 256, 263 (7th Cir. 1996) ("[G]enuine expertise may be based on experience or training").

**XII.    Mr. Johnson's Report Easily Surpasses the Advisory Committee Factors**

The Advisory Committee Notes are no bar to Mr. Johnson's testimony. As the Notes state:

> Nothing in this amendment is intended to suggest that experience alone--or experience in conjunction with other knowledge, skill, training or education--may not provide a sufficient foundation for expert testimony. To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony.

Taking the factors listed by Defendants in turn, Mr. Johnson's opinions are the natural progression of his many years of experience in the field. He has taught defensive training and handcuffing techniques for years; he did not suddenly devise handcuffing

techniques simply for his opinions in this case.

Defendants claim (without citation) that Mr. Johnson has to refer to something in the medical or scientific community in order to reach an "accepted premise." Motion at 13. But there is no such bright line requirement. Mr. Johnson's opinions are, in fact, in line with the Bolingbrook police department's regulations. Although those regulations may or may not be admissible, they are a reliable source to corroborate Mr. Johnson's claims.

Mr. Johnson has accounted for alternate explanations; he has rejected Defendant Davi's fabricated explanations for his behavior on several occasions in his report. Finally, Mr. Johnson is employing the same due care and expertise in his report as he did in training police officers and carrying out his normal practices.

## Conclusion

For the reasons stated above, Plaintiff respectfully requests that this Court deny Defendants' Motion, except as to opinions two and three of Mr. Johnson's report.

RESPECTFULLY SUBMITTED,

/s Russell Ainsworth
ATTORNEYS FOR PLAINTIFF

Arthur Loevy
Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
312 North May St.
Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Russell Ainsworth, an attorney, certify that on July 14, 2008, I served this document by ECF electronic filing as to each party who is represented by counsel who uses electronic filing.

S/Russell Ainsorth
Attorneys for Plaintiff
Arthur Loevy
Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900