An officer must have "reasonable suspicion" based on "specific observable facts" to justify the stop. If an individual fails to comply with an order, then that person may be arrested for Obstructing a Police Officer.

Essentially if an individual flees or fails to submit to a stop, fails to submit to a justified pat-down and/or fails to disclose his identity, then an arrest may be made.

In the HIBBEL opinion, the Supreme Court said: "Asking questions is an essential part of police investigations", and that "The officer's request (for I.D.) was a common-sense inquiry".

This case was very unusual because the entire encounter between HIIBEL and the deputy sheriff was luckily captured by the deputy's in-car audio/video camera system. At the original trial, the police tape was entered into evidence for the record, and presumably available for Justices at each of the Appellate levels to review. In this way the facts of the case were never disputed. Instead, the Courts could focus on the interpretation of constitutional protections and permissible police actions. This case illustrates just one of the advantages of this new technology.

It is believed that the Illinois courts will set guidelines through a series of court cases and decisions in the coming months.

There is still no law that <u>requires</u> a person to carry identification. Police have asked for I.D. as a matter of practice because it is the "best" proof of a person's identity. It appears that if a subject verbally provides his/her name at the request of an officer during an investigative stop, that may be sufficient.

Some questions remain, for instance: What if the subject provides a name but no date of birth? What if a subject verbally gives a name and date of birth but the computer returns "no record on file" when the subject claims to have a valid D.L. ? Officers are reminded to thoroughly detail their "reasonable suspicion" and all supporting elements that added to the "totality of the circumstances" justifying an investigative stop in their reports. If a suspect refuses to provide his or her name / identification when legally requested, then an arrest for Obstructing a Police Officer may be appropriate.

If you have any questions, please contact your supervisor.

Video of the encounter is available at http//: www.papersplease.org



EXHIBIT D

APPROVED BY: *Signed by Deputy Chief Dave Dodge*   DATE: _____06-24-04_____