CGP/436692                                                                                      6121-213

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY BROWNLEE,           ) <br> ) <br> Plaintiff,           ) <br> ) <br> v.           ) <br> ) <br> VILLAGE OF BOLINGBROOK,           ) <br> BOLINGBROOK POLICE OFFICER           ) <br> DAVI,           ) <br> BOLINGBROOK POLICE OFFICER           ) <br> SMETTERS, and           ) <br> BOLINGBROOK SERGEANT HILLIARD,           ) <br> ) <br> Defendants.           ) <br> ) | No. 07 CV 7085 <br><br> Judge Ruben Castillo |

## MOTION OF ALL DEFENDANTS
## FOR SUMMARY JUDGMENT

Now come, all Defendants, by and through their attorneys, Tressler, Soderstrom, Maloney & Priess, LLP and pursuant to Fed. R. Civ. P. 56 move this court for an order granting summary judgment on Plaintiff's First Amended Complaint state as follows:

1.  On December 17, 2007, Plaintiff Timothy Brownlee filed a 12-count complaint under 42 U.S.C. § 1983 and also asserted various state law causes of action against Defendant Village of Bolingbrook, Bolingbrook Police Officer Salvatore Davi, and former Police Sergeant Drew Peterson.

2.  In a nutshell, Plaintiff alleges that he was falsely arrested on May 28, 2007, (Memorial Day) and claims that he was subject to excessive force later when he was taken to the police station for processing.

1

3.  On January 29, 2008, Plaintiff filed a First Amended Complaint (Docket #17). This version is virtually identical to the original complaint except for the fact that Plaintiff dropped Drew Peterson from the lawsuit and added Officer Daniel Smetters and Sergeant Rich Hilliard.

4.  Jurisdiction and venue are proper as Plaintiff is resident in Bolingbrook, Illinois in the Northern District of Illinois and Officers Davi, Smetters, and Hilliard reside in this judicial district and the claims are premised upon 28 U.S.C. §§ 1331 and 1367. Defendants do not dispute subject matter jurisdiction or venue

5.  As more thoroughly explained in the accompanying Memorandum in support of this motion, summary judgment is proper.

6.  To prevail on a claim pursuant to § 1983, the plaintiff must show that he (1) "held a constitutionally protected right;" (2) was "deprived of this right in violation of the Constitution;" (3) "defendant intentionally caused this deprivation;" and (4) "defendant acted under color of law." *Donald v. Polk County,* 836 F.2d 376, 379 (7th Cir.1988).

7.  Judgment is proper on Counts I and II (Excessive Force/Battery) because there is a video of the entire incident at the Bolingbrook Police Station where Plaintiff alleges the excessive force occurred. As was noted in the recent Supreme Court case of *Scott v. Harris,* 127 S.Ct. 1769, 1776 (2007), a party cannot "contradict" a video record and determining whether force was excessive in light of undisputed facts is a pure issue of law. Here the video shows no excessive force, whether the determination is made under the Eighth Amendment standards or the Fourth Amendment Standards. Any other force was not excessive.

8.  Judgment for Count III failure to intervene under 1983 because there was no excessive force and the officers did not have a reasonable opportunity to intervene anyway.

9. Judgment is also proper on Counts IV and V for false arrest because Officer Davi was informed that Plaintiff had menaced his neighbor and the neighbor was in fear thus providing at least arguable probable cause for breaching the peace.

10. In the alternative, judgment is also proper for Counts IV (§ 1983 false arrest), Count V (state law false arrest), and Count IX (malicious prosecution) because the state court in the criminal proceeding specifically found probable cause. The principles of collateral estoppel/issue preclusion bar relitigation of these claims in this forum now as the issue has already been decided.

11. Judgment is proper under Count VI (§ 1983 conspiracy) and Count VII (state law conspiracy) because Plaintiff will be unable to demonstrate any agreement under *Celotex* and these claims are barred by the inter corporate conspiracy doctrine.

12. Judgment is proper on Count VIII (§ 1983 equal protection) because Plaintiff will be unable to demonstrate any similarly situated individual.

13. Judgment is proper on Count IX (state law Hate Crime statute) because there was no battery a precursor to liability under the statute.

14. Judgment is proper on all *Monell* claims under 1983 against the Village because Plaintiff will be unable to provide any evidence to demonstrate a wide spread practice or a proper failure to train claim.

15. Judgment is also proper under qualified immunity grounds under 1983 because the case law is not clearly established that the officers violated the constitution.

16. Pursuant to the Court's instructions, on April 16, 2008, the Defendants sent Plaintiff a letter outlining the points and authorities of evidence on this case in a settlement

position letter.

WHEREFORE, all Defendants respectfully request that this motion be granted and for all other relief that is just equitable and appropriate.

                                                  Respectfully submitted,

                                           By:  s/Craig G. Penrose
                                                 Craig G. Penrose

Craig G. Penrose
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6399
(312) 627-4000
(312) 627-1717 (Fax)
E-mail:	cpenrose@tsmp.com

ATTORNEYS FOR ALL DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Russell Ainsworth
Loevy &Loevy
312 N. May Street
Suite 100
Chicago, Il 60607

Russell@loevy.com

**Attorney for Plaintiff Timothy Brownlee**

s/Craig G. Penrose