IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TIMOTHY BROWNLEE,                          )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )
                                           )       No. 07 CV 7085
VILLAGE OF BOLINGBROOK,                     )
BOLINGBROOK POLICE OFFICER                  )       Judge Ruben Castillo
DAVI,                                      )
BOLINGBROOK    POLICE    OFFICER           )
SMETTERS, and                              )
BOLINGBROOK SERGEANT HILLIARD,             )
                                           )
                    Defendants.            )

## PLAINTIFF'S RESPONSE TO
## DEFENDANTS' INTERROGATORIES

NOW COMES Plaintiff, Timothy Brownlee, by his attorneys, LOEVY & LOEVY, and responds to Defendants' Interrogatories as follows:

### INTERROGATORIES

1.      Please state your full name and all the names that you have previously used, present address and all places and dates of residence for the past ten (10) years.

**ANSWER**:    Plaintiff objects to this Interrogatory on the basis that it is overbroad in temporal and subject-matter scope. Without waiving the foregoing objections, Plaintiff states that his full name is Timothy Roosevelt Brownlee, he has never used any other name, and he currently lives at 3 Rye Court, Bolingbrook, Illinois, where he has lived since 2002. Previously, Plaintiff lived at 2116 Belmont, Joliet, Illinois from 1998 to 2002.

2.      For each occupation or job that you have held during the past ten (10) years, please state the full name and address of each employer, the dates of commencement and termination, the reason for termination, a brief description of the services or work performed, the weekly average wages or earnings and the name of your supervisor in each position.

**ANSWER**:    Plaintiff objects to this interrogatory on the basis that he is not seeking lost wages, and thus it is not reasonably calculated to lead to admissible evidence. Plaintiff further objects on the basis that the temporal scope of the Interrogatory is overbroad. Without waiving the



1

foregoing objections, Plaintiff states that he worked for Room Service, located in Chicago, Illinois, as a delivery driver, from 1999 to 2001, and Plaintiff states he was laid off from that position when the company was purchased by another company.

Plaintiff further states that he worked for Randy & Associates, located at 51 E. 103rd Place, Chicago, Illinois, from 2001 to 2002 performing home remodeling, carpentry, and assorted tasks.

Plaintiff further states that he worked at Image Cuts, Evergreen Plaza Mall, in Evergreen Park, Illinois, from December 2006 until June 2007. Plaintiff states that he left that job because he could not afford to pay the rent on the space he used to cut hair when he was injured and could not work.

Plaintiff has also been a barber since approximately 2002 at a location in Joliet, Illinois. Plaintiff is willing to reveal the name and location of his current place of work under a protective order enacted by the Court limiting disclosure to an attorneys' eyes only basis. Plaintiff states that he feels this protection is necessary to protect his safety.

3.    If you have ever been arrested for any crime punishable as either a misdemeanor or a felony, including traffic offenses, please state the date and location of each arrest, the identity of the arresting agent, the name and location of each court where the prosecution took place, the charges placed against you, the name of the attorney who represented you, the court file number, the disposition of each case and a full description of any and all sentences imposed.

**ANSWER**:    Plaintiff objects to this Interrogatory on the basis that it is overbroad with respect to both temporal and subject-matter scope, and on the basis that this Interrogatory is not reasonably calculated to lead to admissible evidence. Without waiving the foregoing objections, Plaintiff states that he was arrested for a misdemeanor battery in 1991, at Percy L. Julian High School, Chicago, Illinois. To the best of his recollection, Plaintiff states that he believes he was placed on court supervision as a result of the charge.

Plaintiff states that he has been arrested by Chicago police officers and charged with mob action on approximately two to three occasions. Each time the charges were dismissed.

Plaintiff further states that he was arrested in 2001 by Chicago police officers for suspicion of possessing stolen property. Plaintiff was represented by Charles Edward Lindell. That charge was dismissed.

Plaintiff further states that he was arrested on May 28, 2007, for the charges that are the basis of this lawsuit.

Plaintiff states that he believes he has been arrested on other occasions, but none of those arrests led to a conviction. Investigation continues to discover information about any other arrests of Plaintiff.

4.    If you have ever been involved in any civil legal action (workers' compensation claims and divorce petitions, and bankruptcy included), either as a defendant or plaintiff or debtor, state the date and place each action was filed, including the name of the court and the parties involved, the court file number of all such actions, the names of attorneys representing

2

each party, a description of the nature of each such action, including the disposition of each such action, whether or not there was an appeal and, if so, the result thereof, including the name and citation of each case reported and the amount of any settlement or judgment obtained in each case.

**ANSWER**:    Plaintiff objects to tl 's Interrogatory on the basis that it is overbroad with respect to both temporal and subject-matter scope, and on the basis that this Interrogatory is not reasonably calculated to lead to admissible evidence. Without waiving the foregoing objections, Plaintiff states that in 2002, Plaintiff filed suit for injuries sustained as a passenger in a car accident. Plaintiff states that he was represented by Ezgur, Wallach, and Braun, 25 E. Washington St., Suite 925, Chicago, Illinois. The case was filed in Cook County, Illinois, case number 2002-M1-303047, and was settled for a few thousand dollars.

Plaintiff states that he subsequently sued in Will County Circuit Court for a separate car accident and was again represented by Ezgur, Wallach, and Braun, 25 E. Washington St., Suite 925, Chicago, Illinois. That case settled for $49,999. Plaintiff does not know the case number for that lawsuit.

Plaintiff states that he and his wife divorced. Plaintiff states that he filed for divorce in Will County *pro se*, but that action was dismissed. His wife then filed for and received a divorce in another jurisdiction. Investigation continues.

5.    If you are or have been married, please state the full name, date of birth and present address of each spouse and/or former spouse, the date and place where each marriage took place, the dates that any separations occurred, the dates and places you resided with that spouse or former spouse, the county, state and court file number of any pending or past divorce actions. Also, please state the full name, place and date of birth, mother's name and present address of each of your children.

**ANSWER**:    Plaintiff objects to this Interrogatory on the basis that it is not reasonably calculated to lead to admissible evidence. Without waiving the foregoing objections, Plaintiff states that he married Tasha Rogers in 1995, they seperated in 1996. Plaintiff learned that their divorce was final in 2007, but does not know in which jurisdiction the divorce action was filed. Plaintiff and Tasha have two children, Timothy Brownlee, Jr., February 24, 1996, and Elexsus Brownlee, April 7, 1995, who both reside with Plaintiff.

6.    Please describe the nature, extent and duration of every injury, including physical, mental, psychological and emotional, suffered by you as a result of the defendants' alleged conduct, as alleged in the plaintiff's complaint, and thereafter identify which injuries you attribute to each defendant individually.

**ANSWER**:    Plaintiff states that he suffered a broken right thumb, which was broken by Sergeant Hilliard, and suffered a great deal of pain from that injury. Plaintiff states that it took approximately 2 and a half to three months to heal. Plaintiff states that he still suffers some discomfort when the weather changes in that thumb joint.

Plaintiff states that he suffered soreness and stiffness to his shoulders and his wrists and his neck, which lasted for approximately two weeks, as a result of Defendant Davi's actions.

Plaintiff states that he also suffered abdominal soreness, which lasted for approximately 2-3 days, as a result of either Defendant Davi or Defendant Smetters' actions.

Plaintiff also suffered swelling to his testicles for approximately 3-4 days as a result of Defendant Smetters' actions.

Plaintiff states that he also suffered psychological injuries including pain, humiliation, frustration, anger, stress, fear, sad, feeling upset, feeling depressed, and not wanting to leave the house. Plaintiff states that for most of these injuries, the emotions were stronger closer in time to the incident but have decreased with time, although he still experiences them as a result of Defendants' joint conduct. Plaintiff further states that his feelings of fear and stress have not decreased, however, and have actually increased since the time he filed his lawsuit. Plaintiff states that his psychological injuries were caused by all of the Defendants.

7.     If you have received a medical, psychiatrist or psychological examination, or any kind of medical, psychiatric or psychological care or treatment, including admission to any hospital, clinic or other medical institution as a result of the acts of defendants alleged in plaintiff's complaint, please state:

    a.    The full names, addresses and telephone numbers of any and all physicians or other health care professionals, hospitals or medical institutions that rendered services to you;

    b.    The date or dates of examination, care or treatment by each such physician or other health care practitioners, the date or dates of admission and discharge as to each hospital or medical institution;

    c.    A description of the care or treatment rendered by each such physician, other health care practitioners or hospital or reason or reasons for such treatment or hospitalization;

    d.    List any expenses incurred; a portion of the expenses which has been paid and the names and addresses of each person paying a portion of all said expenses;

    e.    If you have any form of medical insurance or reimbursement which covered any of the medical expenses arising out of the occurrence involved in this litigation, please state the name and address of the insurer or other person who reimbursed you in the amount so paid.

**ANSWER**:     Plaintiff states that he was seen by medical professionals at Adventist Bolingbrook Medical Center. Plaintiff refers Defendants to Documents Bates Nos. 000017-000020, 000024-000054. Plaintiff was treated by Doctor Kevin Benfield, among other medical providers at Adventist Bolingbrook Medical Center.

Plaintiff states that he also was examined by Doctor Shah, 391 Quadrangle Drive, Suite N7, Bolingbrook, Illinois, a day or two after he was released from custody, in regard to his physical injuries as a result of Defendants' conduct. Dr. Shah examined his thumb and recommended that he go to physical therapy.